IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAVONN MACON,

                       Plaintiff,                   OPINION AND ORDER

    v.

                                              17-cv-465-wmc

JON LITSCHER and
MICHAEL DITTMANN,

                       Defendants.

---

*Pro se* plaintiff LaVonn Macon, filed this civil lawsuit pursuant to 42 U.S.C. § 1983, in which he seeks to bring claims for injunctive relief against the Jon Litscher, Secretary of the Wisconsin Department of Corrections ("DOC") and Michael Dittman, the Warden at Columbia Correctional Institution ("CCI"), related to his ability to pursue post-conviction relief. Since he was incarcerated at the time he filed his complaint, Macon's complaint requires screening by this court under 28 U.S.C. § 1915A. However, even construing plaintiff's allegations generously, *Haines v. Kerner*, 404 U.S. 519, 521 (1972), the court must dismiss this lawsuit pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), for reasons set forth below.

ALLEGATIONS OF FACT[1]

Macon alleges that he was initially charged in a criminal complaint on January 7, 1988, in Milwaukee County Circuit Court Case No. 1987CF63 and was then further charged on February 14, 1989, in another fourteen-count criminal complaint, Milwaukee

---

[1] For purposes of this order, the court assumes the facts above based on the allegations in plaintiff's complaint as viewed in a light most favorable to plaintiff.

County Circuit Court Case No. 1989CF890531. Macon explains that he entered into a guilty plea to several of the counts in Case No. 1989CF890531, which meant he faced a maximum sentence of 150 years. On April 13, 1992, Macon was sentenced in Milwaukee County Circuit Court to a total of 140-year term of imprisonment.

Macon subsequently filed a notice of appeal, for which an appellate state public defender was appointed to represent him. When his appointed counsel subsequently submitted a no-merit report, Macon alleges that his mental disabilities and educational limitations left him unable to respond. Regardless, the Wisconsin Court of Appeals determined that there was no arguable issue of merit.

About a year after the dismissal of this direct appeal, Macon filed a *pro se,* post-conviction motion under Wis. Stat. § 974.06, alleging ineffective assistance of appellate counsel, which the Milwaukee County Circuit Court denied on June 6, 1994. When Macon appealed that denial, the Wisconsin Court of Appeals summarily denied him relief. In September of 2000, Macon pursued yet another motion in the Wisconsin Court of Appeals, which was also unsuccessful. While Macon was apparently transferred to a correctional facility in Oklahoma for a period of time, he was transferred back to CCI in December of 2005. Around that time, Macon sought legal assistance to again challenge his guilty plea and sentence on ineffective assistance of counsel grounds. On February 13, 2006, the Wisconsin Public Defender appointed him counsel to review his conviction and sentencing in Milwaukee County Circuit Court. On July 11, 2007, his appointed state public defender once again concluded that a challenge to either would be meritless.

Still, Macon continued to research and pursue relief from his plea and sentence,

eventually filing another motion for collateral attack under § 974.06 on August 28, 2013. That motion was denied as well on September 4, 2013, by the Milwaukee County Circuit Court, as was his appeal to the Wisconsin Court of Appeals and petition for review to the Wisconsin Supreme Court.

OPINION

As a general matter, plaintiff now claims in this case that the law libraries and resources made available at the various DOC facilities in which he has been incarcerated since his conviction in 1992 have been insufficient to permit him to obtain the post-conviction relief that he was seeking on direct appeal and in subsequent collateral attacks. As a result, he further claims that the named defendants violated his constitutional right to access the courts.

The central focus of plaintiff's lawsuit -- his frustration that his various post-conviction proceedings were unsuccessful -- is barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Under *Heck,* a plaintiff is precluded from bringing claims for damages if judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* In other words, to the extent plaintiff is seeking damages premised on a wrongful conviction or sentence, he cannot proceed, unless his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87; *see also Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (requisite showing "would necessarily imply the invalidity of [plaintiff's] Wisconsin parole

revocation, which *Heck* instructs cannot be shown through a § 1983 suit.").

Here, nothing in plaintiff's pleadings or the publicly available information about his criminal or post-conviction proceedings indicate that any court has invalidated those proceedings, or even called them into question. Moreover, the plaintiff's *only* claim against the named defendants arises out of his failed attempts to challenge his conviction. Accordingly, plaintiff's only claim in this lawsuit is barred by *Heck*.[2]

## ORDER

IT IS ORDERED that:

1. Plaintiff's LaVonn Macon's claim in this case is DISMISSED pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

2. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 20th day of March, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] There are likely other grounds that would require this court to deny plaintiff leave to proceed under § 1915A, but none need be addressed here.